PER CURIAM.
This cause is before us on appeal from the Circuit Court, Dade County. Our jurisdiction arises under Section 4, Article V, of the Florida Constitution, F.S.A., *141 which gives this Court jurisdiction of direct appeals from “judgments imposing the death penalty.”
Appellant, Joe Nathan Clowers, was convicted of murder in the first degree without recommendation of mercy in the death by strangulation and poisoning of one Tracy Eric Vellner. The deceased was a young child and the appellant forced him to drink poison for the avowed purpose of revenge against the child’s mother. The appellant not only confessed to the authorities but told his aunt and his cousin as well of the foul deed.
The sole point raised on appeal is the alleged error of the trial court in admitting into evidence appellant’s written statement. At the time the statement was taken, appellant was in the custody of the Dade County Sheriff’s Department and was not represented by counsel. Appellant had admittedly been fully advised of his rights, including the right to have counsel provided. Appellant contends, however, that even though he refused the offer of counsel, the statement he made should not have been admitted into evidence because at the time he made the statement he was not in fact assisted by counsel. This contention is obviously without merit. The State may not force a person to be represented by counsel, any more than it can deny counsel. The right to counsel can be waived.
The evidence shows that appellant is of “high average intelligence” and the record reveals that he freely and voluntarily waived counsel at the time he made the statement in question.
The sufficiency of the evidence is not expressly made a ground of the appeal, but we have reviewed the evidence as required by Florida Statutes § 924.32, F.S.A., to determine whether the interests of justice require a new trial. We find that apel-lant’s five-day trial was singularly free of error and that the evidence more than amply sustains and merits the conviction.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD and DREW (Retired), JJ., and MURPHREE, Circuit Judge, concur.